[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this action, the plaintiff appeals from an assessment CT Page 189 of damages filed by the defendant on August 5, 1988. The assessment assessed the damages for a portion of the plaintiff's property which the defendant has taken for highway improvement purposes. The piece of land depicted on a map entered into evidence as plaintiff's Exhibit "B", consists of 0.287+ acre situated on the west side of present Interstate Route 91 in the town of Windsor. In the appraisal, the defendant estimated the amount of compensation for damages to be $10,000 and the plaintiff has received that sum of money.
In her appeal, the plaintiff has alleged that $10,000 is inadequate compensation for the land in question. The appeal has been referred to the undersigned, as a state trial referee, for a hearing and judgment.
During the hearing held on June 25, 1990, it was stipulated that the taking area was 0.287 acres+ in fee simple. It was further stipulated that the subject property was zoned Residential "AA".
The court heard testimony and received an appraisal report from an appraiser presented by the plaintiff, Peter R. Marsele.
The court also heard testimony from Carmine Trotta, a Transportation Supervising Planner employed by the Department of Transportation who was presented as an expert on air and noise impact. Charles J. Conway was also presented as a witness for the defendant who testified on his appraisal of the subject property and presented an appraisal report to the court.
The subject property is an uneven pentagon which on its easterly line abuts Interstate Route 91, 145 feet+, north by property now or formerly of the State of Connecticut, 48.41 feet; northwest by land now or formerly of John J. Quigley et al, 22 feet+; west by the remaining land of the plaintiff, 227 feet+, Southeast by land now or formerly of Frances A. Grosse, 134 feet+ containing an area of 0.287+ acre. These dimensions are more particularly shown on a map designated as plaintiff's Exhibit "B".
On defendant's Exhibit 6, the red line indicates where a proposed noise barrier will be erected and the green line indicates the west curb of the highway. Mr. Trotta testified that the noise barrier would reduce the noise level by 10 decibels, block debris from coming off the highway onto the plaintiff's remaining property, prevent low flying dust and keep intruders off the plaintiff's property. He also testified that the distance from plaintiff's house to the proposed noise barrier was 90+ feet and from the house to the west shoulder of the highway was 100+ feet. The distance from the house to the taking line is 35+ feet. CT Page 190
The owner of land taken by condemnation is entitled to be paid just compensation. Conn. Const., Art I Sec. 11. In partial taking of land, such as this, the measure of the damages is the difference between the market value of the whole piece before the taking and the market value of what remained of it thereafter. Lynch v. West Hartford, 167 Conn. 67, 73 (1974)
Both appraisers used the sales comparison approach for their respective appraisals. The only property used by both appraisers was that now owned by Mark A. and Jill M. Baral at 211 Mountain Road but this property was of little help in arriving at this decision because it did not abut Interstate Route 91.
The appraiser for the plaintiff estimated a before taking value of the subject property of $155,000 and an after taking value of $124,000 as of the taking date, August 5, 1988, and estimated the damages at $31,000. One of the factors in his estimate of damages was that the taking would result in the land being nonconforming to the zoning regulations as to land area. Apparently, the appraiser was not aware that a variance had been granted to the plaintiff for the subject property and his report thus did not take into consideration the effect of such variance on the market value of the property.
The appraiser for the defendant estimated a before taking value of $150,000 and an after taking value of $135,000 and as of the taking date, August 5, 1988, estimated the damages at $15,000.
"Under our law, a state referee sitting as a court on appeals in condemnation cases is more than just a trier of fact or an arbitrator of differing opinions of witnesses. He is charged by the General Statutes with the duty of making determination of value and fair compensation in the light of all circumstances, the evidence, his general knowledge, and his viewing of the premises." Birnbaum v. Ives, 163 Conn. 12, 21-22 (1972)
In this case, the court viewed the subject premises and the one comparable property considered by both appraisals, heard all of the evidence presented, studied the appraisal reports, the environmental report and in this decision is making his own determination of value.
The court finds as follows:
Before taking value $155,000.00
After taking value 134,000.00
Total damage to Plaintiff's $ 21,000.00 CT Page 191 property
Judgment may enter for $21,000 less the amount of $10,000 already paid or the net sum of $11,000 plus statutory interest from the date of taking to the date of payment of said net sum, together with a fee for the plaintiff's appraiser in the amount of $1,000 plus taxable costs.
HAROLD M. MISSAL, STATE TRIAL REFEREE